UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

CHARLES EDWARD CALLIS, a/k/a BJ,
  *Defendant-Appellant.*

No. 00-4681

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-00-16)

Submitted: June 8, 2001

Decided: July 5, 2001

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Stephen Ashton Hudgins, Newport News, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, Janet S. Reincke, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

   Charles Edward Callis appeals his 360-month sentence for conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). Callis asserts there was insufficient evidence to convict him and that his conviction is improper under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm.

   Callis argues the evidence was insufficient to establish his guilt of conspiracy to possess with intent to distribute and to distribute crack cocaine. A jury's verdict must be upheld on appeal if, when construed in the light most favorable to the government, there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, this court does not review the credibility of witnesses and assumes the jury resolved all contradictions in the testimony for the government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998), *cert. denied*, 525 U.S. 1141 (1999). We have reviewed the record and conclude there was sufficient evidence for the jury to convict Callis.

   Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Callis was indicted for conspiracy to possess with intent to distribute and to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999); 18 U.S.C. § 2 (1994). We conclude the indictment and the jury instructions sufficiently charged drug quantity and therefore find no *Apprendi* violation. *See United States v. Richardson*, 233 F.3d 223, 230-31 (4th Cir. 2000), *pet. for cert. filed*, ___ U.S.L.W. ___ (U.S. Mar. 19, 2001) (No. 00-9234).

   For these reasons, we affirm Callis' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                         *AFFIRMED*